# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | |
| Interpleader Plaintiff, | Case No. 18-CV-654-JPS |
| v. | |
| AMANDA HEBARD and LARRY NAPIER, | **ORDER** |
| Defendants. | |

      Plaintiff filed this interpleader action on April 25, 2018, alleging that it had an agreement with Ronald Napier ("Ronald") to make periodic payments to him pursuant to a settlement of a workers' compensation claim. Ronald initially designated his wife as the beneficiary of the settlement payments upon his death. In 2010, he changed the beneficiary to his daughter, Defendant Amanda Hebard ("Amanda"). In 2016, Ronald attempted to again change the beneficiary, this time to his brother Defendant Larry Napier ("Larry"). Plaintiff rejected the form Ronald submitted for that change because it was not properly completed. Ronald did not submit a new form or otherwise complete the process of making Larry his beneficiary.

      Ronald died in December 2017. Amanda duly claimed the benefit of the settlement payments. Soon afterward, however, Larry contested the payments to Amanda, claiming that Ronald had wanted him to be the beneficiary, based on the improper claim form and a will Ronald allegedly executed in July 2016. Plaintiff, in the face of these competing claims, has held the funds and asked the Court to determine the appropriate payee.

Toward that end, Plaintiff has filed a motion to deposit the funds with the Court. (Docket #4). The motion has not been opposed and will be granted.[1]

Defendants signed waivers of service on April 25, 2018. (Docket #5 and #6). Amanda, through counsel, responded to the complaint. (Docket #9). Larry did nothing. Accordingly, on July 24, 2018, when the time for responding to the complaint had passed, Amanda asked the Clerk of the Court to enter default against Larry pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a). (Docket #12). The Clerk entered the requested default the next day.

On August 3, 2018, Amanda moved the court for entry of default judgment against Larry. (Docket #17). Larry, proceeding *pro se*, responded to the motion with a letter on August 14, 2018. (Docket #18). Larry objects to the entry of default against him because he believes that Ronald wanted him to have the annuity. *Id.* He further states that he has no funds to hire a lawyer or any ability to come to Wisconsin. *Id.* Larry's letter is accompanied by letters of administration from West Virginia, empowering Larry to administer Ronald's estate, Ronald's death certificate, and Ronald's purported July 2016 will leaving all his possessions to Larry and one dollar to Amanda (Amanda, unsurprisingly, says it is a forgery). (Docket #18-1).[2]

The Court must grant Amanda's motion. Because the Clerk of Court has entered default against Defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713

---

[1] Plaintiff filed two such motions on April 25, 2018. (Docket #3 and #4). The first will be denied as moot.

[2] Larry also filed a motion for the Court to appoint him counsel on August 23, 2018. (Docket #19). The motion must be denied. He has no right to Court appointed counsel, and in any event has not presented evidence of his attempts to secure representation or of his indigence. *See Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007).

(7th Cir. 1995). The allegations of the complaint demonstrate that she alone is the proper beneficiary. Larry's time to contest those allegations was set by the rules of procedure. Now that default has been entered against him, the allegations are indisputable.

This result would not change even if the Court generously construed Larry's August 14 submissions as a request for relief from the entry of default pursuant to FRCP 55(c). That Rule provides that default "may be set aside before entry of judgment upon showing good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Larry has not met any of these conditions. He has not explained why he did not answer the complaint in the months prior to the filing of the motion for default judgment. He has also failed to correct the default by filing an answer. Finally, to demonstrate an "arguably meritorious defense," Larry was obliged to offer "more than bare legal conclusions" but "less than a definitive showing that [he] will prevail." *Id.* The mere submission of the purported July 2016 will, without any other corroborating evidence and in the face of the evidence attached to Plaintiff's complaint, does not convince the Court that Larry has an arguably meritorious defense to this lawsuit.

The Court will, therefore, grant Amanda's motion for the amounts described in Plaintiff's complaint, (Docket #1 at 2 n.1), and her motion, (Docket #17-1 at 2). With that ruling, the Court is left unsure of how the parties wish to proceed. It appears that they may differ on who is responsible for the fees and costs associated with this action. *See* (Docket #1 at 6-7; Docket #9 at 2). The Court will direct that Plaintiff and Amanda

discuss their differences and file a stipulation within fourteen days conveying their thoughts on the most expedient resolution of this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended motion for leave to deposit funds (Docket #4) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to deposit funds (Docket #3) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant Amanda Hebard's motion for default judgment against Defendant Larry Napier (Docket #17) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Periodic Payments (as the term is defined in Plaintiff's Complaint, Docket #1 ¶ 8) are awarded to Defendant Amanda Hebard in the amount of $761.32 per month, plus all past due amounts that are being held by Plaintiff. Per the terms of the fee agreement between Defendant Amanda Hebard and her counsel, (Docket #10), her counsel is entitled to one-third of the value of the Periodic Payments;

**IT IS FURTHER ORDERED** that Defendant Larry Napier's motion for appointment of counsel (Docket #19) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff and Defendant Amanda Hebard shall confer forthwith and, within fourteen days of the date of this Order, file a stipulation with respect to how they wish to conclude this case.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge